# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN J. SULLIVAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-2623-PLC |
| MOSOP, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff John J. Sullivan (Missouri inmate registration number 1313206) for leave to commence this civil action without prepayment of the filing fee. ECF No. 2. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

### The Complaint

Plaintiff is a self-represented litigant currently incarcerated at the Farmington Correctional Center ("FCC"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, against MOSOP (Missouri Sex Offender Program); Probation and Parole; Terri Lawson (Warden); the Missouri Department of Corrections ("MDOC"); and the Missouri Parole Board. The complaint is silent as to whether defendant Terri Lawson is being sued in his official or individual capacity.[1]

---

[1] Where a complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Plaintiff's allegations are difficult to decipher. Plaintiff states on August 31, 2017 he "went in front of the Probation and Parole Board" because he was eligible for release. Plaintiff alleges that on July 3, 2018 he was scheduled to begin a sex offender program which violated his constitutional rights because participation meant he was admitting guilt. Plaintiff states he was told that if he did not sign a paper then his personal possessions would be taken from him. Plaintiff does not describe the content of the document or identify who requested his signature. Plaintiff complains about his living conditions stating that he "get[s] threatened almost every day," "called names," and is forced to "live around people dieing [sic] of AIDS and Hep C." Lastly, plaintiff alleges that on several occasions between 2018 and 2019 he received inadequate medical care for a stomach issue, cellulitis, COPD, and a blood clot in his left leg. Plaintiff does not allege who allegedly deprived plaintiff of medical care. For relief, plaintiff seeks $17 million in damages.

Plaintiff has filed two supplements to his complaint. ECF. Nos. 6, 8. The supplements include two letters to the Court repeating the allegations in his complaint and a docket sheet from an unrelated case that plaintiff is not a party.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed *in forma pauperis* will be denied and his case will be dismissed without prejudice. Additionally, this action will be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e).

### A. Three Strikes Rule

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir.

2012).  Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal.  *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006).  Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee.  *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

### B.  Plaintiff's Previous "Strikes"

Review of this Court's files reveal that plaintiff has accumulated more than three strikes. *See Sullivan v. Harris, et al.*, No. 2:18-CV-4203-BCW (W.D. Mo. Sept. 28, 2018) (dismissed Oct. 3, 2018 under 28 U.S.C. § 1915(e)(2)(B) for being legally frivolous and failure to state a claim); *Sullivan v. Bates County Circuit Court, et al.*, No. 4:18-CV-861-GAF (W.D. Mo. Oct. 29, 2018) (dismissed Oct. 30, 2018 under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sullivan v. Harris, et al.*, 2:19-CV-4039-BCW (W.D. Mo. Feb. 22, 2019) (dismissed Mar. 19, 2019 under 28 U.S.C. § 1915(e)(2)(B) for same reasons); and *Sullivan v. State of Missouri, et al.*, 4:18-CV-1816-JMB (E.D. Mo. Oct. 23, 2018) (dismissed Mar. 14, 2019 under 28 U.S.C. § 1915(e)(2)(B) for same reasons after being given the opportunity to file two amended complaints).  Since the filing of this instant lawsuit on September 24, 2019, three additional cases have been dismissed.  *See Sullivan*

*v. Cofer, et al.*, 4:19-CV-1504-PLC (E.D. Mo. May 23, 2019) (dismissed Feb. 25, 2020 under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); *Sullivan v. Austin, et al.*, 4:19-CV-2044-DDN (E.D. Mo. July 18, 2019) (dismissed Feb. 24, 2020 under 28 U.S.C. § 1915(e)(2)(B) for same reason); and *Sullivan v. State of Missouri, et al.*, 4:19-CV-3184-NAB (E.D. Mo. Dec. 3, 2019) (dismissed May 14, 2020 under the three strikes provision of 28 U.S.C. § 1915(g)).[2]

As a result, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff does not allege that he is in imminent danger. Many of his claims relate to his belief that he had an unfair trial and he should not be required to participate in a state-run sex offender program. The remainder of plaintiff's claims relate to his dissatisfaction with having to be housed with inmates who have been diagnosed with AIDS or Hepatitis C and complaints that the medical treatment he received in 2018 and 2019 at an unidentified location by unknown individuals was inadequate. While plaintiff states he "hurts all the time," his allegations do not constitute imminent danger of serious physical injury. Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice.

---

[2] Plaintiff currently has one other pending case in this Court, *Sullivan v. State of Missouri, et al.*, 4:19-CV-3139-JMB (E.D. Mo. Nov. 22, 2019), in which he has been permitted to file an amended complaint.

4

### C.  28 U.S.C. § 1915(e)

In addition to being subject to dismissal under the three strikes rule, plaintiff's complaint does not survive initial review under 28 U.S.C. § 1915(e)(2).  Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Having carefully reviewed and liberally construed the complaint, the Court concludes plaintiff's claims against all named defendants in this action are not cognizable.  First, plaintiff's claim against Warden Terri Lawson in his official capacity must be dismissed for failure to state a claim.  Lawson is an employee at FCC, an MDOC facility.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983."

Even if plaintiff brought his claim against Lawson in his individual capacity, it would still not survive initial review. Plaintiff does not allege that Lawson personally participated in any violation of plaintiff's constitutional rights.  To state a claim under § 1983, plaintiff must plead that each defendant "personally violated [his] constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676).  It is well established that the doctrine of *respondeat superior* does not apply in § 1983 suits.  *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate"); and *Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process).  Additionally, "a general responsibility for supervising the operations

of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

The complaint also fails to state a claim against the remaining defendant state agencies, MOSOP, Probation and Parole, the MDOC, and the Missouri Parole Board, because they are not entities subject to suit under § 1983. *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir.1991) (agency exercising state power is not a "person" subject to § 1983 suit). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"); *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983").

Moreover, to any extent plaintiff is attempting to argue that the MDOC violated his constitutional rights by requiring him to participate in MOSOP while he is serving a sentence for statutory sodomy, fails to state a claim. "The MDOC is authorized to utilize prison institutional programs, such as MOSOP, in its ongoing efforts to rehabilitate those committed to its custody." *Oldcroft v. Missouri Bd. of Prob. & Parole*, 2012 WL 1205119, at *3 (E.D. Mo. Apr. 11, 2012). Further, it is within the Probation and Parole Board's authority to revoke a conditional release date, pending an inmate's completion of MOSOP. *See id.* "[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Id. (quoting Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005)).

Thus, upon initial review, the Court finds that the complaint here is subject to dismissal under the three strikes rule, 28 U.S.C. § 1915(g), and also because it fails to state a claim upon which relief can be granted 28 U.S.C. § 1915(e)(2)(B).

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. The motion will be denied as moot as this action is being dismissed under the three strikes rule and failure to state a claim. *See* 28 U.S.C. § 1915(g) and (e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 26th day of May, 2020.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE